UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LUIZA G. URIAEV,

        Plaintiff,

  -against-

DURACELL INTERNATIONAL, INC., SONY
CORPORATION OF AMERICA and SONY
ELECTRONICS, INC.,

        Defendants.
----------------------------------------------------------------X

Report and Recommendation
CV-04-3741 (SLT) (JMA)

A P P E A R A N C E S:

Larry Bronson, Esq.
Bronson & Bronson, LLP
2562 86th Street
Brooklyn, NY 11214
Attorney for Plaintiff

Bronson & Bronson, LLP
80 Pine Street, #32
New York, NY 10005
Attorney for Plaintiff

Denise A. Holzka, Esq.
Heidell, Pittoni, Murphy & Bach, LLP
99 Park Avenue
New York, NY 10016
Attorney for Defendant Sony Electronics, Inc.

James M. Kenny, Esq.
Kenny, Stearns & Zonghetti
26 Broadway
New York, NY 10004
Attorney for Defendant Duracell International, Inc.

AZRACK, United States Magistrate Judge:

      By Order of March 11, 2005, the above captioned action was referred to me by the

Honorable Sandra L. Townes for a report and recommendation on defendant Sony Electronics, Inc. ("Sony")'s March 24, 2005 motion for involuntary dismissal of plaintiff Luiza G. Uriaev's complaint.[1] I recommend defendant's motion be granted.[2]

Plaintiff filed her complaint on August 27, 2004. Defendants Sony and Duracell International, Inc. answered and filed cross claims in November 2004 and January 2005. The initial conference was scheduled for January 6, 2005, but plaintiff's counsel obtained an adjournment from my chambers and the conference was thus rescheduled at counsel's request to February 1, 2005. Plaintiff's counsel did not, however, appear at the February 1 conference. I scheduled a conference for March 11, 2005 and my chambers notified plaintiff's counsel by telephone and written correspondence of that date. I noted in the calendar for the February 1 conference that if counsel did not appear at the next scheduled conference or contact the court before the next conference I would recommend the case be dismissed with prejudice. Plaintiff's counsel failed to appear at the March 11 conference. Nor did he respond to telephone calls and correspondence from chambers informing him of conference dates and inquiring into his absences. I therefore instructed defendant to move for an involuntary dismissal of plaintiff's claim under Rule 41(b) of the Federal Rules of Civil Procedure.

Under Rule 41(b), an action can be dismissed for the plaintiff's failure to prosecute. See Fed. R. Civ. P. 41(b). Such an involuntary dismissal is with prejudice. Plaintiff's unexplained absence at

---

[1] Sony is joined in this motion by defendant Duracell International, Inc.

[2] Neither plaintiff nor plaintiff's counsel signed the form consenting to a magistrate judge presiding over this action. So while the case has been referred to me for all purposes under 28 U.S.C. § 636(c), I style this opinion as a report and recommendation to eliminate the possibility of a future complaint from plaintiff that she did not consent to me.

two scheduled conferences as well as his failure to contact the court after repeated requests is a failure to prosecute and involuntary dismissal is therefore warranted.

Because plaintiff has failed to prosecute the case, I respectfully recommend it be dismissed with prejudice. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72, 6(a), 6(e).

SO ORDERED.

Dated: Brooklyn, New York
April 14, 2005

__/s/_____
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE